UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL RABBITT, et al. | No. 25 CR 693<br><br>Judge April M. Perry |

**GOVERNMENT'S MOTION FOR ENTRY OF**
**PROTECTIVE ORDER GOVERNING DISCOVERY**

Pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a), the United States of America, by ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, moves for the entry of a protective order, and in support thereof states as follows:

1. The indictment in this case charges defendants with conspiracy to prevent by force, intimidation, and threat a United States law enforcement officer from discharging the duties of his office, and to injure him in his person or property on account of his lawful discharge of the duties of his office, and while engaged in the lawful discharge thereof, and to injure his property so as to interrupt, hinder, and impede him in the discharge of his official duties, in violation of Title 18, United States Code, Section 372 (Count 1), and for forcibly impeding, intimidating, and interfering with an officer of the United States while engaged in or on account of the performance of his official duties, in violation of Title 18, United States Code, Sections 111(a)(1) and 2 (Counts 2 -7).

2. The government has produced two waves of discovery. The government did not ask for a protective order for this discovery because either the material was

already available to the public, or the government could redact the personal identifiers in the reports.

3. The discovery to be provided by the government going forward includes information that the government obtained from third parties, whose unrestricted dissemination could threaten the safety and privacy interests of victims and witnesses, and jeopardize the safety of law enforcement officers.

4. In addition, defense counsel seeks personal identifiers of law enforcement witnesses and proposed that such identifiers be produced under the restriction "for attorneys' eyes only." The government is willing to comply with this request subject to an appropriate protective order.

5. Accordingly, the government respectfully requests that the Court enter its proposed protective order governing discovery going forward.

6. The government proposed a protective order to counsel for defendants, who raised objections to the proposed order. On January 23, 2026, counsel for the government sent defense counsel a revised protective order, addressing their objections. The government asked defense counsel if they agreed to the revised protective order, but none of the defense counsel has responded. The government now submits to this Court the revised proposed protective order, which the government believes addresses defense counsels' concerns.

WHEREFORE, the government respectfully moves this Court to enter the proposed protective order.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: /s/ *Sheri H. Mecklenburg*
SHERI H. MECKLENBURG
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 469-6030